## AMOS MORRILL V. ROBERT H. GRAHAM.

If an attorney having a debt for collection promise his client to pay the debt himself if he shall fail to collect it, such promise, if supported by a sufficient consideration, is valid and binding; and limitation will not begin to run against it until the final termination of the proceedings advised and instituted by the attorney for the collection of the debt.

The mere confidence of a client in the advice of his attorney, or his simple acquiescence in the proceedings taken by the attorney, is not a sufficient consideration to support an action on a promise of the attorney to pay the debt himself in case he fails to collect it.

But if, upon the faith of such a promise, the client agree not to withdraw the business from the attorney, or consent to forbear taking proceedings which, but for the promise, would have secured his debt, then the client can maintain his action against the attorney on the promise.

An attorney is liable for all such damages as his clients sustain in consequence of his gross ignorance of the profession which he assumes to practice and understand; or, in other words, for the want of proper knowledge of all matters of law in common use, or of such plain and obvious principles as every lawyer is presumed to understand.

But an error of judgment by an attorney upon an unsettled and controverted question of law, is not such gross ignorance as will make him liable to his client for damages resulting from the error.

APPEAL from Red River.    Tried below before the Hon. W. S. Todd.

Graham, the appellee, instituted this suit against the appellant on the 23d day of February, 1856.

The substantial allegations of the plaintiff's petition were that, on the 8th of March, 1844, one John J. Vining executed to him his promissory note for $735, due January 1, 1845, and secured said note by a mortgage on a lot in the town of Clarksville; that Vining died in April, 1844, and that on the 24th of June following, Wade H. Vining was appointed administrator on his estate, and made publication thereof as required by statute. That in January, 1845, petitioner placed the note and mortgage for collection in the hands of the defendant, a practicing attorney, who undertook to use due diligence and skill in the collection of the same. That the defendant never had the note authenticated or

Morrill v. Graham.

presented to the administrator for allowance, but neglected and failed to do so within twelve months after the grant of administration. That on the 2d of February, 1845, the defendant brought suit for the petitioner against the administrator, in the District Court, but his petition was demurred to, and the demurrer sustained, and the final judgment thereon against petitioner was affirmed by the Supreme Court on the 22d of April, 1847. That on the 3d of May, 1847, the defendant brought suit in the District Court on the note and mortgage against said administrator, and also against said Wade H. Vining and his wife, as the heirs of John J. Vining, deceased; which suit was determined against petitioner by the District Court on the 22d of December, 1847, and the judgment affirmed by the Supreme Court on the 27th of March, 1848. That on the 2d of May, 1848, the defendant brought suit on the mortgage against Philip Duty, and recovered judgment in the District Court for the lot mortgaged; but that the judgment was appealed to the Supreme Court, and was there reversed and the suit dismissed on the 23d of May, 1854. That within twelve months from the grant of said letters of administration, this petitioner requested the defendant to have the note authenticated and presented to the administrator for allowance; but that the defendant refused so to do, and declared that the note and mortgage had been entrusted to him for collection, and that he would not have them so authenticated or presented; but that he would pursue his own course in the management of the same, and that if he failed to collect them, he was responsible and would pay the amount of the note and interest to petitioner. That by reason of the unskillful and negligent manner in which defendant had managed said note and mortgage, the same has become a total loss to petitioner, has become barred by the statute of limitations, and can never be collected. And petitioner further avers that if said Morrill had used ordinary skill and attention in the management of said claim, or if he had followed the instructions of petitioner, the claim would have been collected long since. That the estate of said John J. Vining is solvent, and the mortgaged property of sufficient value to have

paid said note.    That petitioner has sustained damages in the sum
of $2000, wherefore he prays judgment, &c.

On the 26th of February, 1857, the defendant excepted to the
petition, because, 1st, the plaintiff nowhere alleges that he ever fur-
nished the amount necessary to pay the fee for administering the
affidavit, or that defendant's duty, as an attorney, required him to
make the affidavit, or that the plaintiff was not aware that the
statute required plaintiff to make the affidavit, and that defendant,
as his attorney, neglected so to inform and advise him; but, on the
contrary, it is admitted in the petition that plaintiff was well
aware, within twelve months from the grant of the administration,
that authentication and presentation were necessary, and failed to
do what the law required him, and him only, to do.

2d.  Plaintiff nowhere charges this defendant with gross negli-
gence.

3d.  Plaintiff admits that he was aware that defendant was act-
ing erroneously and contrary to his instructions, and yet still re-
tained and permitted him so to proceed.

4th.  That it does not appear by the petition that defendant neg-
lected his duty as an attorney, or failed to give to the plaintiff any
necessary information; but, on the contrary, it appears that de-
fendant instituted and carried on all the suits he could, and under
every possible form and variety.

5th.  That it appears by the petition that the debt was lost, not
by defendant's negligence or want of skill, but by the refusal of
plaintiff to make the affidavit for probate, which the plaintiff knew
to be necessary, but could not conscientiously make, or, for rea-
sons best known to himself, would not make.

Defendant also filed a general denial, and a special answer al-
leging that he informed the plaintiff that he, defendant, could be
of no service to him as an attorney-at-law, unless the administra-
tor refused to allow the claim; but that plaintiff insisted that suit
should be brought.    That whatever was done, was with the assent
and consent of the plaintiff    That ten years having elapsed since
the accrual of plaintiff's action, he is barred by lapse of time.

By an amended answer, the defendant pleaded limitations of ten
and four years, and specially set forth that at the time the plaintiff

Morrill v. Graham.

employed him, the courts had just been organized, and the law and practice were in a state of uncertainty, and that different opinions were entertained by different persons as to the proper course to pursue to collect money secured by mortgage, after the death of the mortgagor. That whether the mortgage should be presented as other claims, or whether the mortgagee could recover the mortgaged property, were new and doubtful questions which had not been judicially determined; and that it would have been greatly to the plaintiff's advantage to have recovered the mortgaged premises instead of money. Wherefore defendant is not liable and prays judgment. And for other answer, the defendant says that he prosecuted four different suits for plaintiff against Vining and his representatives, at great trouble and expense; that he attended the Supreme Court at Austin to attend to the same, at great expense; and that he attended faithfully and diligently to said suits, never continued them, and none of them were ever called, either in the District or Supreme Court, without his being present and ready to prosecute the same, for all which services he had never received, or asked of the plaintiff, any compensation.

The plaintiff amended and alleged that at the time he requested defendant to have the claim authenticated and presented, he, plaintiff, was then and there ready to make the necessary affidavit, and then and there proposed to do so; but that the defendant, as his attorney, then and there refused, stating that it was wholly unnecessary, and that he would stand responsible for the collection of said claim. That plaintiff, confiding alone in the legal knowledge and skill of the defendant, and believing that defendant was responsible to him if the claim should not be collected, permitted the defendant to pursue his own course.

The exceptions taken by the defendant to the plaintiff's petition were overruled, and defendant excepted.

Two mistrials, by disagreement of the jury, were had at two successive terms, and the cause came to trial for the third time at the July Term, 1860. The plaintiff put in evidence all the papers in the several suits instituted by the defendant against the administrator of Vining's estate, and against Duty, together with the records of the judgments in the same, and the mandates of the

Supreme Court. Plaintiff proved that Vining's administrator had, in July, 1844, given the legal notice of his appointment; that the estate of Vining was entirely solvent; that the mortgaged property was worth $1000 to $1200. By W. M. Harrison, plaintiff proved that after the judgment in the District Court in the first case of Graham v. Vining, and before the judgment in the Supreme Court, he heard a conversation between plaintiff and defendant; that defendant expressed great confidence as to his ultimate success in collecting the claim by the course he was then pursuing; that plaintiff spoke of the failure to present the claim to the administrator for allowance, and expressed a desire for a change of proceedings; that defendant remarked that his course was right, and if he failed to collect the claim he would pay it himself.

W. P. Cornelius, witness for plaintiff, testified that he heard the defendant say that his pleadings were right in the suit of Graham against Vining, and that he would pay Graham the claim if he did not recover it. No one but defendant and witness were present at this conversation, which occurred in 1847. That it seemed that Morrill's pleadings had then been overruled, and he seemed quite excited. The plaintiff read the note and mortgage, and closed. Defendant introduced no evidence.

The charge of the court below is sufficiently noticed in the opinion of this court.

The jury returned a verdict in favor of the plaintiff for $735, the amount of the note, with interest at ten per cent. from January 1, 1845. New trial refused, and defendant appealed.

*Amos Morrill*, in propria persona.

*S. H. Morgan*, for the appellee.

MOORE, J.—This was a suit by Graham, the appellee, to recover the amount of a note and interest which the defendant in the court below, Morrill, as an attorney at law, was employed to collect, and which it is alleged he failed to do through gross ignorance and mismanagement. It is also charged in the petition,

Morrill v. Graham.

that Morrill, by an express promise and undertaking to this effect, bound himself to pay Graham the amount of his debt upon his ultimate failure to collect it. It is quite evident from an inspection of the charge of the court, that the verdict of the jury did not rest upon this latter ground. We need, therefore, at present, only say, that such a contract, if supported by a sufficient consideration, is unquestionably valid and binding, and that limitation would not commence running against it until the final termination of the proceedings advised and instituted by the attorney, for the collection of the debt for which he has thus bound himself. The mere confidence, however, in the advice of the attorney, or acquiescence in the course he wished to pursue in the matter would not be sufficient to support an action upon the promise of the attorney, to pay the debt, if he should fail to collect it. But it would be otherwise, if in consideration of such promise the client should agree not to withdraw the business from the hands of the attorney, or consent, on the faith of such promise, to waive a proceeding which otherwise he would have taken, and by reason of which his debt would have been secured. By the charge of the court the jury were instructed that the claim placed by Graham in Morrill's hands for collection, being against an estate of a deceased person, should have been presented to the administrator for allowance, within twelve months from the grant of letters of administration, and if it was not done by Morrill's advice he was guilty of such palpable ignorance of the law as rendered him responsible for the debt, if in consequence thereof it had been lost. There is no question that an attorney is responsible for all such damage as his clients may sustain by reason of his gross ignorance of the profession which he professes to practice and understand, or, in other words, for the want of proper knowledge of all matters of law in common use, or such plain and obvious principles as every lawyer is presumed to understand. We can not agree with the court below, however, in holding that the error into which the appellant, Morrill, fell, in the suit instituted by him to collect the appellee's debt, manifested such a gross want of legal knowledge and professional skill as to render him responsible for the debt. It is true, the statute required claims against

estates to be presented to the administrator before suits could be instituted upon them.    The debt in question was secured by a mortgage, and although it is now plain that such claims must be presented to the administrator, yet, until the determination in this court of the suit brought by the appellant for the recovery of this very debt of appellee's, it was an open and controverted point with many members of the bar, whether they were embraced by the statute.    The respective rights and liabilities of mortgagor and mortgagee, and the true nature of the contract of mortgage had not then been settled by the adjudications of our courts.    In considering this question, we must remember the unsettled state of the judicial as well as professional mind upon many questions about which no one now entertains the slightest doubt, and also, the difficulty, nay, often the absolute impossibility of access by attorneys to the ordinary sources of information.    The statute by which the appellant should have been guided, as has often been held by this court, does not apply without exception to all classes of claims for money ; and we are of opinion that appellant, in supposing appellee's debt to be also an exception to the general rule, was not so grossly and obviously ignorant of the law, as to be held chargeable for its payment on his failure to collect it.

For the error in the instruction to the jury, the judgment is reversed and the cause remanded.

Reversed and remanded.